870 F.2d 656
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randall William FOWLER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Norman Bradley FOWLER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gail Marie KING, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roy Leon KING, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paula Hill DEDEAUX, Defendant-Appellant.
 No. 87-5167.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 9, 1989.
Decided Feb. 24, 1989.
Rehearing and Rehearing In Banc Denied March 23, 1989.
 
 David L. Harris, (Lowenstein, Sandler, Kohl, Fisher & Boylan, P.C., on brief), Robert Crawford Ervin, Jr. (Byrd, Byrd, Ervin, Whisnant, McMahon & Ervin, P.A., Jesse J. Waldon, Jr., Donat, Waldon & Johnson, Fritz Y. Mercer, Jr., Carson & Mercer, on brief) for appellants.
 Andrew Levchuk (United States Department of Justice, Thomas J. Ashcraft, United States Attorney, Debra Jo Stuart, Assistant United States Attorney, on brief) for appellee.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and RICHARD B. KELLAM, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Randall William Fowler, Norman Bradley Fowler, Gail Marie King, Roy Leon King and Paula Hill Dedeaux (Defendants) appeal from convictions of mail fraud and conspiracy to market and sell fraudulent university degrees and transcripts. 18 U.S.C.A. Sec. 1341 (West 1984); 18 U.S.C.A. Sec. 371 (West 1966); 18 U.S.C.A. Sec. 2 (West 1969). We affirm.
 
 
 2
 When viewed in the light most favorable to the government, the evidence presented at trial demonstrates that Defendants offered for sale, through advertisements placed in various magazines and tabloids, a variety of undergraduate, graduate and professional diplomas based on credit for "life experience." The diplomas were awarded from bogus institutions named after legitimate, accredited colleges.
 
 
 3
 Although Defendants were charged and convicted of a single conspiracy, they assert that the evidence established multiple conspiracies regarding the issuance of diplomas by DePaul University, operated by the Kings, by Roosevelt, Lafayette, Loyola, and Cromwell Universities, operated by the Fowlers and Dedeaux, and by the University of England at Oxford and the University of Southern California, operated by two unindicted individuals. Defendants argue primarily that they were prejudiced by the introduction of evidence regarding issuance of diplomas by the University of Southern California and the University of England at Oxford.
 
 
 4
 First, the district court properly instructed the jury to disregard any evidence concerning the University of Southern California and the University of England at Oxford. Further, the existence of a single conspiracy or multiple conspiracies is generally an issue for a properly instructed jury. United States v. Lozano, 839 F.2d 1020, 1023 (4th Cir.1988). Here, the district court specifically instructed the jury that the government was required to prove a single conspiracy. And, the evidence regarding the relationships of Defendants and their intertwined operations was sufficient to support a finding of a single conspiracy.
 
 
 5
 Defendants' remaining allegations of error are also without merit and do not warrant discussion.
 
 
 6
 AFFIRMED.